UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE PEOPLE OF GREEN BAY, WISCONSIN,

        Petitioners,

     v.                                            Case No. 07-C-318

TOM HINZ, et al.,

        Respondent.

**ORDER**

Fifty-nine named individuals, designating themselves as "The People of Green Bay, Wisconsin", filed a petition for a writ of mandamus demanding that a criminal investigation be conducted into the events surrounding the "secret wedding" of Phillip Bocher and Ursula Skarvan, which apparently occurred more than ten years ago. By Order of April 5, 2007, this court dismissed the petition on its own motion, concluding that the petition and the brief filed in support of it are hardly intelligible. Petitioners have now filed a motion for reconsideration of that dismissal. That motion will be denied.

Petitioners' motion for reconsideration suffers from the same deficiency as their original petition; it is rambling and hardly intelligible. However, in order to allay petitioners' concern that this court has not read their submissions, I will address some of their arguments.

Petitioners argue that this court lacks subject matter jurisdiction. (Mot. for Reconsideration at 3.) If so, then their petition must be dismissed, as a federal court cannot hear a case unless it has subject matter jurisdiction. *United States v. County of Cook, Ill.*, 167 F.3d 381, 387 (7th Cir. 1999).

Petitioners also complain that this court's order of dismissal was not signed. Electronic signatures are specifically authorized under the Federal Rules of Civil Procedure. Rule 5 states, in pertinent part, that "a court may by local rule permit papers to be filed, signed or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes." Fed. R. Civ. P. 5(e). The Electronic Case Filing Policies and Procedures enacted in this district specifically allow for the use of electronic signatures by judges on electronically filed orders. The order of dismissal previously entered in this matter was electronically signed in accordance with these rules.

Petitioners also note that the court should give their petition a liberal reading on account of their pro se status. While a court is to give the pleadings of a pro se plaintiff or petitioner a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro se plaintiff or petitioner is nevertheless bound to comply with the rules governing the filing of a claim. The most basic pleading requirement is to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Petitioners failed to do so, and nothing in their motion for reconsideration suggests otherwise.

**IT IS THEREFORE ORDERED** that petitioners' motion for reconsideration is **DENIED**.

Dated this   6th   day of June, 2007.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge